# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>COLLIER LAND AND COAL DEVELOPMENT, LP,<br><br>    Debtor.<br><br>PARKVALE BANK,<br><br>    Movant,<br><br>v.<br><br>COLLIER LAND & COAL DEVELOPMENT, LP,<br><br>    Respondent. | Bankruptcy Case No. 10-22059-MBM<br><br>Chapter 11<br><br><br><br>Related To Doc. No. 51 |

## STIPULATED ORDER GRANTING PARKVALE BANK'S MOTION (1) TO PROHIBIT OR CONDITION THE USE OF CASH COLLATERAL; (2) TO COMPEL ADEQUATE PROTECTION; AND/OR (3) FOR RELIEF FROM STAY

Upon consideration of Parkvale Bank's Motion (1) To Prohibit or Condition The Use of Cash Collateral; (2) To Compel Adequate Protection; and/or (3) For Relief From Stay (the "Motion"), and after notice and hearing, Parkvale Bank ("**Parkvale**") and Collier Land & Coal Development, LP (the "**Debtor**") stipulate and agree as follows:

WHEREAS the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 on March 25, 2010 (the "**Petition Date**").

WHEREAS the Debtor is obligated to Parkvale pursuant to three separate promissory notes (the "Notes") all executed by the Debtor and delivered to Parkvale.

WHEREAS to secure the obligations under the Notes, the debtor executed and delivered to Parkvale, *inter alia*, three separate security agreements that granted Parkvale a security interest in certain pieces of equipment used by the Debtor in its business operations.

WHEREAS prior to the Petition Date, the Debtor defaulted under the Notes by failing to make payment when due, and as a result, Parkvale exercised its rights under the Notes and entered judgment by confession against the Debtor in an aggregate amount of $1,694,337.61 plus accrued interest, fees and costs of suit (the "Judgment").

WHEREAS by operation of law the Judgment created a lien upon all real property owned by the Debtor in Allegheny County, PA including the Debtor's coal mine and coal reserves contained therein.

WHEREAS the coal is Parkvale's collateral and is or will become Parkvale's "Cash Collateral" pursuant to the Bankruptcy Code.

WHEREAS since the Petition Date the Debtor has continued to use and diminish Parkvale's Cash Collateral through its ongoing business operations in an attempt to be able to successfully fund a plan of reorganization.

WHEREAS the Debtor no longer intends to continue through a reorganization process and instead plans to liquidate its assets free and clear of all liens.

NOW, THEREFORE, the Debtor and Parkvale agree and the Court hereby ORDERS ADJUDGES and DECREES that:

1. The Motion is **GRANTED**.

2. The Debtor and Parkvale shall file a Stipulation of Dismissal that dismisses with prejudice the Complaint filed against Parkvale at Adversary No. 10-2206-MBM within 7 days from the date of this Order.

3. Effectively immediately, the Debtor on behalf of itself and each of its respective parent companies, affiliates, subsidiaries, heirs and/or successors and assigns (as the case may be), officers, directors, partners, employees, agents, attorneys, and representatives do hereby remise, release, acquit satisfy and forever discharge the Parkvale, and all of its past, present and future officers directors employees, agents attorneys, representatives, participants, respective parent companies, affiliates, and/or subsidiaries, heirs and successors and assigns from any and all manner of debts, bonds, warranties, representations, covenants, promises, contracts, controversies, agreements, liabilities, obligations, expenses, damages, judgments, executions, actions, claims, demands and causes of action of any nature whatsoever, whether at law or in equity, either now accrued or hereafter maturing, now existing or hereafter accruing, known or unknown, from the beginning of the world to and through the date of this Agreement, that was brought or could have been brought, relating to the Promissory Note dated October 24, 20008 in the original principal amount of $1,700,000.00, the Promissory Note dated November 26, 2008 in the original amount of $725,000.00, and the Promissory Note dated March 30, 2009 in the original principal amount of $545,000.00 (collectively the "**Notes**") executed by the Debtor in favor of the Bank, and any documents executed in connection therewith (collectively the "**Parkvale Loans**"), including, *inter alia*, any claims arising under Chapter 5 of title 11, including but not limited to the right to object to Parkvale's claims, or any other cause of action arising under state law or otherwise.

4. The Debtor shall immediately commence efforts to sell the Debtor's assets for a minimum amount sufficient to pay the outstanding indebtedness of Parkvale in full subject to the following conditions:

    a. Parkvale has the right to credit bid on the assets of the Debtor up to the full amount of its claims;

b. Parkvale is authorized to assist in marketing efforts to the extent it deems appropriate in its sole discretion;

c. Any offer or sale shall not be subject to any financing contingency;

d. On or before November 1, 2010, the Debtor shall have a signed and executed Asset Purchase Agreement in place and have been provided a minimum of $250,000.00 in hand money (the "**APA**");

e. On or before November 1, 2010, the Debtor shall file a motion to sell substantially all of the Debtor's assets with a hearing to occur no later than **November 27, 2010**;

f. The Motion and APA must provide for the sale to close within 5 days after the sale order becomes final, and in any event, not later than 20 days after the hearing on the sale motion;

g. At the time of closing, Parkvale's claims, including all fees, costs and expenses shall be paid in full from the proceeds of the sale and any sale motion shall so provide.

5. The automatic stay shall terminate without further order of Court on November 1, 2010 unless the Debtor (i) files a sale motion that complies with this Order, (ii) has executed the APA, and (iii) the buyer under the APA has deposited the $250,000.00 in hand money by the close of business on November 1, 2010.

6. The automatic stay shall terminate without further order of this Court if a sale does not close within 5 days after the sale order becomes final, if the closing does not occur within 20 days after the sale hearing, the sale motion is denied, or the buyer or seller violates the APA for any reason.

7. The Debtor is authorized to use Parkvale's cash collateral for the limited purpose of preserving the assets of the estate and in the winding down of the Debtor's business operations, including paying wages of the employees.

8. The Debtor shall not mine any additional coal after entry of this Order, but the Debtor is permitted to sell the coal that has already been mined.

9. The Debtor is to maintain adequate insurance on all property until such time as a sale closes.

10. All Equipment is to be left on site and not moved therefrom. Parkvale shall have the right to inspect the Equipment at a time that is mutually agreed upon by the parties.

11. The Debtor shall waive all rights to contest any state court execution proceedings in the event that Parkvale receives relief from stay.

SO ORDERED.

9/28/10

*(signed)*
Hon. M. Bruce McCullough
United States Bankruptcy Court

FILED

SEP 29 2010

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA