# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| COLLIER LAND & COAL DEVELOPMENT, LP, | Bankruptcy No. 10-22059-JKF |
| Debtor. | Chapter 11 |
| | Document No. |
| PARKVALE BANK, | Related to Doc. No. 153 |
| Movant, | Hearing Date and Time: |
| vs. | March 4, 2011 at 9:15 a.m. |
| COLLIER LAND & COAL DEVELOPMENT, LP, | |
| Respondent. | |

### RESPONSE TO PARKVALE BANK'S MOTION TO CONVERT DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7

**AND NOW** comes Collier Land & Coal Development, LP, the Debtor in the instant Chapter 11 Case, by and through its Counsel, Robert O Lampl, John P. Lacher and Elsie R. Lampl and files the following **RESPONSE TO PARKVALE BANK'S MOTION TO CONVERT DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**, as follows:

1. Parkvale Bank seeks a conversion of the instant Chapter 11 to Chapter 7 based upon allegations that Debtor has defaulted upon its debt obligations to Parkvale, that Debtor lacks the ability to mine coal from and develop real property which it owns, that Debtor has operated at a loss during the pendency of this Chapter 11 Case, that Debtor failed to achieve a sale of its assets within a time frame set forth in a Stipulated Order and the Debtor has not yet filed a Plan and Disclosure Statement.

2. The Debtor believes that a conversion of the case is not warranted and, in support of said belief, asserts the following:

a) Debtor has substantial equity in its assets which serve to more than adequately protect Debtor's creditors, including Parkvale;

b) In addition to the $1,265,687.50 development bond cited by Parkvale in its Motion (which bond Parkvale seeks to liquidate and apply to its claimed balance due of $1,758,923.88, there are real property and personal property interests held by the Debtor with a fair market value in excess of $10,000,000.00 all of which serves to amply protect the interest of Parkvale and other creditors herein;

c) A recent upswing in the coal market along with a soon to arrive improvement in local weather conditions could only add value to the Debtor's assets and increase the attractiveness of said assets to potential purchases;

d) Debtor has filed a Motion seeking to approve Alpine Coal Company, Inc. to act as a finder to assist in the marketing and sale of Debtor's assets. Said Motion is currently pending before this Honorable Court;

e) Debtor is speaking to various contract miners and equipment liquidators itself in an effort to facilitate a sale or refinance of its assets as well as the possibility of resuming mining operations in the currently revitalized coal market. Debtor believes and therefore avers that if it is given 60 to 90 days to pursue these various solutions, it will be able to successfully reorganize.

f) The averment regarding continuing losses via operations to date is true but should be viewed with caveats. First of all, Parkvale has greatly impeded Debtor's operations via its own actions by declining to allow Debtor to utilize cash collateral. Thus, Parkvale on one hand complains

of losses and on the other hand causes, or at least contributes to, the losses by inhibiting Debtor's operations. Second, even under the foregoing circumstances, the losses complained of, i.e. $162.155.17 over a nine (9) month period, are not particularly significant where the Debtor has in excess of $10,000,000.00 in assets. Finally, the Debtor's operating losses to date were largely the result of growing pains associated with a new mining project. As noted, the coal market is up, the weather is improving and many start-up hurdles have been cleared. As such, the intimation that Debtor would continue to lose money going forward via operations is disputed;

g) Parkvale's requested relief would likely destroy the very value that protects it and other creditors herein. A liquidation of Debtor's equipment in a Chapter 7 type liquidation is not likely to achieve the highest and best sales price for same. Worse still, the loss of equipment and continued cessation of operations would likely result in a loss of the permits attendant to the development. If the permits were to be lost, the ability to sell the development as a going concern would also be lost which would result in a tremendous diminution in the value of the Debtor's assets. Such a result is not in the best interest of Debtor's creditors or the Estate;

h) While it is true that Debtor did not file a sale motion within the time frame agreed to with Parkvale previously, that was largely predicated upon events beyond Debtor's control, i.e. Debtor had negotiated a sales agreement with an individual who ultimately become ill and passed away before sale could be consummated which left Debtor

right back where it started in the sale process despite significant time and effort expended; and

  i) Though Parkvale complains that Debtor has not yet filed its Disclosure Statement and Plan herein, Debtor has in fact received an extension to file same until April 23, 2011.

3. In addition to the recent Motion to appoint a "finder" herein as referenced above, Debtor has also recently applied for approval of new counsel in an effort to get the instant case on a new track.

4. In light of the substantial equity in Debtor's assets which serves to amply protects all creditors herein, along with the potential to diminish or destroy said equity if Parkvale's suggested course of action is followed, a conversion of the instant Chapter 11 Case to Chapter 7 at this time is unwarranted.

Wherefore, the Debtor respectfully requests that this Honorable Court deny Movant's Motion.

              Respectfully Submitted,

              */s/ Robert O Lampl*
              ROBERT O LAMPL
              PA I.D. #19809
              JOHN P. LACHER
              PA I.D. #62297
              ELSIE R. LAMPL
              PA I.D. # 208867
              Counsel for the Debtor
              960 Penn Avenue, Suite 1200
              Pittsburgh, PA  15222
              (412) 392-0330 (phone)
              (412) 392-0335 (facsimile)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

COLLIER LAND & COAL DEVELOPMENT, LP,

    Debtor.

PARKVALE BANK,

    Movant,

vs.

COLLIER LAND & COAL DEVELOPMENT, LP,

    Respondent.

Bankruptcy No. 10-22059-JKF

Chapter 11

Document No.

Related to Doc. No. 153

Hearing Date and Time:
March 4, 2011 at 9:15 a.m.

## CERTIFICATE OF SERVICE

Robert O Lampl, John P. Lacher and Elsie R. Lampl, hereby certify, that on the 10th day of February, 2011, a true and correct copy of the foregoing **RESPONSE TO PARKVALE BANK'S MOTION TO CONVERT DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7** was served upon the following *(via electronic service)*:

Office of the U.S. Trustee
970 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222

Michael Shiner
Tucker Arensberg, P.C.
1500 One PPG Plavce
Pittsburgh, PA 15222

    */s/ Robert O Lampl*
    ROBERT O LAMPL
    PA I.D. #19809
    JOHN P. LACHER
    PA I.D. #62297
    ELSIE R. LAMPL
    PA I.D. # 208867
    Counsel for the Debtor
    960 Penn Avenue, Suite 1200
    Pittsburgh, PA 15222
    (412) 392-0330 (phone)
    (412) 392-0335 (facsimile)