IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| COLLIER LAND & COAL DEVELOPMENT, LP, | Bankruptcy No. 10-22059-JKF |
| Debtor. | Chapter 11 |
| | Document No. 186 |
| COLLIER LAND & COAL DEVELOPMENT, LP, | Related to Doc. Nos. 177 AND 178 |
| Movant, | Hearing Date and Time: March 15, 2011 at 10:00 a.m. |
| vs. | |
| PARKVALE BANK, HIGHWAY EQUIPMENT COMPANY, | |
| Respondents. | |

### AGREED ORDER OF COURT

Upon consideration of the foregoing *Emergency Motion for Sale of Personalty Free and Clear of all Liens, Claims and Encumbrances*, the Court finds as follows:

1. Pursuant to 11 U.S.C. Section 363(b) and (f), the Debtor has effectuated service of the Emergency Motion for Sale of Personalty Free and Clear of all Liens, Claims and Encumbrances (the Sale Motion) upon the Parties with an interest in the Personalty, i.e. the Respondents. The Respondents were given Notice by the Bankruptcy Court during a hearing on March 4, 2011, that in the Event of a Sale Motion such as the instant one, an expedited hearing would be held on March 15, 2011 at 10:00 a.m. Because relief from stay has already been granted in regard to the equipment to be sold and due to the emergency

nature of the sale as is set forth in the Sale Motion, any other notice and publication procedures are waived.

2. The Debtor has given sufficient notice of the hearing date on the Sale Motion to the Respondents as is set forth above and as evidenced by the Certificate of Service, which has been filed.

3. The sale is in good faith and any qualified buyer at the sales purchase is in good faith in accordance with **In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir 1986).**

4. This Court has resolved all responses and/or objections that were filed in regard to the Sale Motion in favor of the Sale. Further, the Agreement by and between the Debtor, Parkvale Bank and Highway Equipment Company be, and hereby is, **APPROVED**.

5. The matters considered by the Court at the hearing were "core" proceedings pursuant to 28 U.S.C. Section 157(b)(2) over which the Court has jurisdiction to enter a final Order.

6. The terms of the Sale are fair and reasonable and in the best interests of this Estate.

Accordingly, it is hereby **ORDERED, ADJUDGED** and **DECREED** that:

7. Pursuant to 11 U.S.C. Section 363(b) and (f), the Sale of Personalty Free and Clear of all Liens, Claims and Encumbrances, which personalty is located on the premises and within the Real Property located at Noblestown Road, Collier Township, Pennsylvania just west of the intersection of

Noblestown Road and State Rout 3039 (the "Mine"), for a purchase price of $680,000, hereby is **APPROVED** under the terms and conditions set forth in the Agreement. Said sale is free and clear of any and all liens, claims and encumbrances, specifically those liens, charges, claims and/or encumbrances of the Respondents herein. A list of all of the equipment purchased by Highway Equipment Company is attached to this Order as Exhibit "A", together with any and all attachments and accessories thereto, including without limitation any and all GPS devices (the "Purchased Equipment").

8. The liens, charges and encumbrances on the Purchased Equipment are hereby transferred to the proceeds of the sale.

9. ~~The transfer of the Purchased Equipment under this Order will be exempt from any and all transfer taxes that may otherwise be due under applicable non-bankruptcy law, pursuant to Section 1146(c) of the Bankruptcy Code.~~

10. This sale is "as is", "where is".

11. Closing of the sale must occur on or before Monday, March 21, 2011 (the "Closing Date") with the full proceeds of said sale to paid directly to Parkvale Bank by Highway Equipment Company on or before the Closing Date. Payment shall be made by wire transfer.

12. No later than March 21, 2011, the Debtor, Highway Equipment Company and Parkvale Bank will file a Stipulation of Dismissal dismissing Adversary Proceeding No. 10-2535-JKF with prejudice, with each party to bear its own costs. Accordingly, Highway Equipment Company's obligation to file its

jurisdictional brief in the above referenced Adversary Proceeding on or before March 17, 2011 is hereby postponed.

13. Except for the obligations under this Order, Highway Equipment Company hereby waives and releases any and all claims against the Debtor that it has or may have in this Bankruptcy case. Except for the obligations under this Order, the Debtor hereby waives and releases any and all claims that it has or may have against Highway Equipment Company, including without limitation, any and all breach of contract and warranty claims. The Debtor and Highway Equipment Company shall execute a mutual release satisfactory to both parties no later than March 21, 2011.

14. The Debtor and Hugh McHugh are ordered and directed to provide immediate access and entry to the Mine to Highway Equipment Company and its employees and agents for the purpose of the removal of the Purchased Equipment. The Debtor and Hugh McHugh shall immediately turnover the keys, all operating manuals, all owners manuals and all log books for the Purchased Equipment. Highway Equipment Company is authorized to use the Purchased Equipment to remove the Excavator, which is currently marooned behind a small pond in the actual strip mine portion of the Mine, in whatever manner Highway Equipment Company deems necessary.

15. Highway, Debtor and Parkvale have consented to this Order, as evidenced by their respective counsel's signatures to the same, which appear on the following page.

16. Notwithstanding the provisions of Federal Rule of Bankruptcy Procedure 6004(h), this Order shall be effective immediately and no stay shall apply.

Date: 3·16·2011

_____
United States Bankruptcy Court Judge
JEFFERY A. DELLER

**THE FOREGOING CONSENT ORDER IS HEREBY CONSENTED TO AND AGREED TO:**

By: /s/ Michael A. Shiner
    Michael A. Shiner, Esquire
    Counsel for Parkvale Bank
    Tucker Arensberg, P.C.
    1500 One PPG Place
    Pittsburgh, PA 15222

By: /s/ Robert O Lampl
    Robert O. Lampl, Esquire
    Counsel for the Debtor
    960 Penn Avenue, Suite 1200
    Pittsburgh, PA 15222

By: /s/ Christopher P. Smith, Jr.
    Christopher P. Smith, Jr., Esquire
    Counsel for Highway Equipment
    535 Smithfield Street, Suite 1300
    Pittsburgh, Pennsylvania 15222-2315

FILED

MAR 16 2011

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

**EXHIBIT "A"**

**EQUIPMENT**

# Equipment List

| Manufacturer | Year | Model | Description | Hours | Serial No. |
|---|---|---|---|---|---|
| New Holland | 2008 | C 190 | Track Mounted Skidsteer | 1100 | N8M480469 |
| Sakai | 2007 | SV 510-D | Smooth Drum Vibratory Compactor W/ cab | 730 | 30209 |
| Sakai | 2008 | SV 510-D | Sheepfoot Compactor, enclosed cab | 280 | 10158 |
| Sakai | 2008 | SV 510-D | Sheepfoot Compactor, enclosed cab | 33 | 10157 |
| Dressta | 2008 | TD 25 Extra | Enclosed cab Dozer with ripper, 7 yr warranty | 1660 | 75039 |
| Dressta | 2008 | TD 15 | Enclosed cab dozer with Top Con 3D GPS, 7 yr warranty | 1450 | 33613 |
| Hyundai | 2008 | R450LC-7A | Excavator, extended warranty, auto greaser - Bucket | 1908 | NB0310187 |
| Gradall | 2008 | XL4200II | Excavator, extended warranty, auto greaser 2 Buckets. | 1365 | 4200000022 |
| MOXY | 2007 | MT 36II | 36 ton Rock Truck, extended warranty | 1928 | 410308 |
| MOXY | 2007 | MT 36II | 36 ton Rock Truck, extended warranty | 3365 | 410309 |
| Hyundai | 2008 | 770-7a | Loader, extended warranty | 215 | LB0410480 |
| Finn | 2008 | T75-T | Hydroseeder | 79 | Se-3253 |
| Bradco | | | 2 Earth Auger and Broom. | | -1933671 |
| | | | Power Rake. | | -54396 |